■ In the Matter of WILLIAMS J. POWERS, JR.— Application granted and order of reinstatement entered.

■ In the Matter of THOMAS W. CARR, an Attorney.— Order entered censuring respondent. Memorandum: The respondent was admitted to the bar by this court on November 14, 1950. A petition was presented to this court by the Monroe County Bar Association on October 22, 1962, charging that the respondent had failed to account for the net proceeds of a real estate sale, notwithstanding the lapse of a reasonable length of time in which to prepare an accounting and to remit the balance to his client. The respondent did not contest the substance of the charges. During the pendency of this proceeding, full payment was made by the respondent to his client. There was proof that the respondent had been suffering from illness during the period of the delay, which seriously affected his conduct. The proof indicates that he has since recovered his health. The misconduct of the respondent would ordinarily be deserving of severe disciplinary action but in view of the extenuating circumstances, we have decided that censure is an adequate measure of discipline in this case. The respondent is accordingly censured for his breach of the obligations of an attorney and counsellor-at-law. Concur — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. THOMAS JOHN ROBINSON. (B) THE PEOPLE OF THE STATE OF NEW YORK v. GEORGE STARKS. — [In each action] Motion to prosecute appeal as a poor person, and for other relief, denied. Memorandum: The claims asserted by the appellant cannot be made the basis of any relief in *coram nobis.*

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM HESS v. ROBERT E. MURPHY, as Warden of Auburn Prison.— Motion to prosecute appeal as a poor person, and for other relief, denied. Memorandum: The claims asserted by the appellant cannot be made the basis of any relief in habeas corpus.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE EURE, Appellant.— Motion to prosecute appeal as a poor person, and for other relief, denied. Memorandum: Defendant seeks leave to appeal as a poor person from an order of Onondaga County Court entered on December 18, 1962 denying *coram nobis* relief without a hearing. The grounds presented are substantially identical with those passed upon by this court in a similar proceeding. (See *People* v. *Eure,* 16 A D 2d 1025.)

■ THE PEOPLE OF THE STATE OF NEW YORK v. DONALD EUGENE KINCAID. — Motion granted to prosecute appeal on original papers, typewritten appellant's briefs. Memorandum: The order herein denying *coram nobis* relief after a hearing was made on August 27, 1962. The provisions of section 456 of the Code of Criminal Procedure, as amended by chapter 889 of the Laws of 1962, effective April 29, 1962 are here applicable. Inasmuch as appellant does not request assignment of counsel, the Trial Judge, upon written application of appellant, should make an order directing the Clerk without charge to furnish one of the transcripts of the hearing held May 21, 1962 to defendant.

■ THE PEOPLE OF THE STATE OF NEW YORK v. KENNETH O. VAN SLYKE. —Motion to reargue motion for leave to appeal as a poor person, or for alternative relief, denied in all respects. Memorandum: The claims asserted by the appellant may not be made the basis of any relief in *coram nobis.*

■ THE PEOPLE OF THE STATE OF NEW YORK v. PAT LANZONE.— Motion to prosecute appeal as a poor person, and for other relief, denied. Memorandum: The petition states no facts under which relief under *coram nobis* would lie.